UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE PRETTY KITTY, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHIFT4 PAYMENTS, LLC, a Delaware limited liability company, and CITIZENS FINANCIAL GROUP, Inc. dba CITIZENS BANK, N.A., a Rhode Island Banking Corporation,<br><br>Defendants. | Case No. 2:25-cv-02294-GMN-EJY<br><br>**ORDER** |

The Court issues this Order to address the parties' respective failures to comply with requirements for proceeding in federal court.

Plaintiff has not paid the filing fee required to commence a civil action. That is, Plaintiff commenced this action on November 19, 2025, but to date, has not paid the $405 fee it must in order to maintain a civil action in federal court. ECF Nos. 1 through 8. Federal law requires the party initiating a civil lawsuit to pay filing and administrative fees. 28 U.S.C. § 1914.[1] As stated below, Plaintiff must pay the required filing fee no later than January 13, 2026. Failure to do so will result in a recommendation to dismiss the case in its entirety without prejudice.

Defendant has not filed a Certificate of Interested Parties—a requirements under United States District Court for the District of Nevada Local Rule ("LR") 7.1-1. This Rule states, in pertinent part, that except for "habeas corpus cases, pro se parties and attorneys for private non-governmental parties must identify in the disclosure statement all persons, associations of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case." LR 7.1-1(a). The Rule further states that "[i]f there are no

---

[1] Plaintiff cannot proceed *in forma pauperis* in this matter under 28 U.S.C. §1915 because it is an artificial entity. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993).

known interested parties other than those participating in the case, a statement to that effect will satisfy this rule." LR 7.1-1(b).  Finally, LR 7.1-1 establishes that the disclosure statement is due with a party's "first appearance, pleading, petition, motion, response, or other request addressed to the court." LR 7.1-1(c).  "Failure to file the Certificate of Interested Parties generally results in an order to show cause, and continued failure may result in sanctions to the offending party or dismissal of the case."  *Shull v. Univ. of Queensland*, Case No. 2:18-cv-2377-KJD-NJK, 2019 WL 5576936, at *2 (D. Nev. Oct. 29, 2019) (citing *Adv. Architectural Metals, Inc. v. S.W. Regional Council of Carpenters*, Case No. 2:08-cv-0252-ECF-PAL, 2008 WL 2775011 (D. Nev. June 13, 2008)).  Defendant must file a disclosure statement or risk the entry of sanctions.

Accordingly, IT IS HEREBY ORDERED that Plaintiff must pay the appropriate filing fee on or before **January 13, 2026**.

IT IS FURTHER ORDERED that failure to pay the $405 filing fee on or before **January 13, 2026** will result in a recommendation to dismiss this action without prejudice.

IT IS FURHTER ORDERED that Defendant must file their Certificate of Interested Parties in compliance with LR 7.1-1 no later than **January 13, 2026**.  Failure to comply may result in the issuance of an order to show cause why sanctions should not be imposed.

Dated this 30th day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE